El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

Pizá Hermanos *v.* Alfaro.

Apelación procedente de la Corte de Distrito de Ponce.

No. 55.—Resuelto en Junio 3, 1904.

Hipotecas—Procedimiento para su Ejecución.—La elección del procedimiento para el cobro de créditos hipotecarios no puede quedar al árbitrio de la parte ejecutante, la que deberá ajustarse á la Ley Hipotecaria, que establece y regula el procedimiento para el cobro de esos créditos y que derogó el establecido en la Ley de Enjuiciamiento Civil.

Id.—Suspensión del Procedimiento—Nulidad—Exigibilidad de las Obligaciones Hipotecarias.—Los procedimientos sobre ejecución de hipotecas iniciados durante la vigencia de las Órdenes Generales de 19 y 31 Enero, 1899 y 19 Enero y 28 Abril 1900, que suspendieron la ejecución de hipotecas por el término de dos años, son completamente nulos *ab-initio* por carecer de exigibilidad, durante ese término, las deudas hipotecarias constituidas sobre fincas agrícolas de todo género.

Id.—Título—Falta de Fuerza Ejecutiva.—La nulidad de un juicio ejecutivo procede, entre otros casos, cuando el título no tuviere fuerza ejecutiva, ya por defectos extrínsecos, ya por no haber vencido el plazo, ó no ser exigible la cantidad, ó ser ésta ilíquida.

Id.—Falta de Pago de Intereses.—Las disposiciones de las Órdenes Generales de 19 y 31 Enero, 1899, que exceptúan, del beneficio por ellas concedides, á los deudores que no satisficierén desde luego, y en lo sucesivo, el interés convenido, no son de aplicación á un procedimiento ejecutivo que tenga por base una escritura hipotecaria en que no se hubiera estipulado el pago de intereses, y que, por consiguiente, la falta de tal pago no haya podido ser fundamento de tal procedimiento.

Id.—Procedimiento de la Ley de Enjuiciamiento Civil.—Las acciones entabladas con arreglo á las Órdenes Generales de 19 y 31 de Enero de 1899, y con el fin de ejecutar una hipoteca por falta de pago de los intereses, se establecerán con arreglo al procedimiento de la Ley de Enjuiciamiento Civil.

EXPOSICIÓN DEL CASO.

En los autos del juicio ejecutivo seguido en el Tribunal del Distrito de Ponce en cobro de pesos, entre partes de la una como demandante la sociedad Mercantil Pizá Hermanos del comercio de aquella plaza, representados y dirigidos en

la primera instancia por su abogado defensor Don Luciano Ortiz Antón, y en esta Superioridad por el de la misma clase Don Antonio Alvarez Nava, y de la otra, como demandado, Don Mariano Alfaro y Diaz, casado, comerciante, mayor de edad y vecino de Juana Diaz, representado y defendido en la primera instancia por el abogado Don Julio Padilla é Iguina, no habiendo comparecido en esta Superioridad, no obstante haber sido citado y emplazado oportunamente; cuyos autos penden ante Nos á virtud del recurso de casación, hoy de apelación, interpuesto por la representación de los ejecutantes contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"Sentencia.—En la ciudad de Ponce á dos días del mes de Abril de mil novecientos dos: Vistos en juicio oral y público estos autos ejecutivos seguidos entre partes de la una como actor ejecutante los Señores Pizá Hermanos del comercio de esta plaza, representados y defendidos por el Letrado Don Luciano Ortiz; y de lo otra, como demandado, Don Mariano Alfaro y Díaz, casado, comerciante, mayor de edad y vecino de Juana Diaz, sobre cobro de pesos, Siendo Ponente para la redacción de esta sentencia el Señor Presidente Don Isidoro Soto Nussa.

*Resultando:* que con fecha 24 de Setiembre de mil novecientos, el Letrado Don Cárlos Lopez de Tord á nombre de los señores Pizá Hermanos del comercio de esta plaza, presentó ante este Tribunal, estableciendo demanda ejecutiva contra Don Mariano Alfaro y Diaz, para el cobro de la suma de cuatrocientos diez y ocho dollars ochenta y cuatro centavos, que el referido Alfaro reconoció estar adeudando á los demandantes por escritura de catorce de Octubre de mil ochocientos noventa y nueve, otorgada ante el Notario de esta Ciudad Don Rosendo Matienzo y Cintrón, y de cuyo documento acompaña testimonio debidamente inscrito en el Registro de la Propiedad, habiéndose obligado el deudor á satisfacer esa suma sin interés alguno en quince de Enero de mil novecientos: y para asegurar tal obligación, constituyó por la misma escritura hipoteca sobre dos predios de terreno radicados en el pueblo de Juana Diaz, barrio de Hato Puerco, lugar de "Pino" cuya cabida y colindancias se describen en el escrito de demanda y en la escritura hipotecaria, y se hizo extensiva la hipoteca por doscientos cuarenta dollars más, para costas y gastos.

*Resultando:* que por auto de doce de Octubre del mismo año mil

novecientos, se admitió la demanda y se mandó despachar la ejecución llevándose á cabo el embargo en los bienes hipotecarios.

*Resultando*: que citado de remate el deudor, dentro del término legal, se personó en los autos por conducto de su letrado, oponiéndose á la ejecución.

*Resultando*: que mandada formalizar la oposición dentro del término fijado, lo verificó aceptando el hecho primero de la demanda: el segundo de la misma con la declaración de que en el total de la deuda reconocida, están comprendidos los intereses de la suma en realidad prestada que por cierto nada tienen de módicos si se atiende al corto plazo de cuatro meses concedidos para el pago, acepta y reproduce el tercero y cuarto hecho, y manifiesta que no pudo cumplir su compromiso por las exigencias de los acreedores creyendo que estos habrían de concederle los treinta días que para el pago señala el artículo 128 de la Ley Hipotecaria; y que en la cédula de citación de remate no se expresa á instancia de quien se hace la citación, ni consigna el nombre de la persona que ha de ser citada, la que se designa sólo con la expresión de "el deudor señor Alfaro," y solicita se declare nulo todo el juicio y se alcen los embargos practicados con costas al ejecutante.

*Resultando*: que señalado día y hora para la proposición de las pruebas, sólo concurrió la representación del demandado, formulando por escrito las suyas consistentes en la confesión por los ejecutantes Don Juan y Don Antonio Pizá, la escritura hipotecaria acompañada con la demanda; la diligencia de citación de remate y cédula que se entregó en ese acto al deudor y el reconocimiento judicial de los inmuebles hipotecados, cuyas pruebas todas fueron declaradas pertinentes.

*Resultando*: que de la prueba propuesta solo se practicó la documental existente en autos.

*Resultando*: que señalado día para la celebración del juicio oral concurrieron los abogados de las partes é informaron lo que á su derecho convenía.

*Resultando*: que la presente sentencia fué votada por unanimidad.

*Resultando*: que en la tramitación de este juicio se han cumplido las reglas del procedimiento.

*Considerando*: que siendo la base de este juicio el cobro de un crédito hipotecario constituido por escritura pública de fecha 14 de Octubre de mil ochocientos noventa y nueve, cuando ya estaba vigente la Ley Hipotecaria que establece y regula el procedimiento por el cuál se deducen el cobro de esos créditos; el procedimiento utilizado para él resulta vicioso é ineficás, por cuanto las disposiciones de la

Ley de Enjuiciamiento Civil, que el demandante ha utilizado para reclamar sus derechos, no son de aplicar en ese caso, si hay una Ley posterior que las derogue, como ocurre en el presente juicio: no pudiendo quedar á solicitud de la parte la elección del procedimiento.

*Considerando*: que por tales fundamentos procede decretar la nulidad de este juicio ejecutivo.

*Considerando*: que las costas deben imponerse á aquél de los litigantes que hubiese dado lugar á la nulidad; y siendo culpable de esto la parte actora por haberse acogido á un procedimiento que no era el que correspondía á su acción, según se ha comprobado después de la prueba practicada, á ella deben imponerse.

Vistos las artículos 1471 No. 3 de la Ley de Enjuiciamiento Civil, 128 de la Ley Hipotecaria y 168 del Reglamento para la aplicación de ésta y 71 de la Orden Judicial 118.

*Fallamos*: que debemos declarar y declaramos nulas y de ningún valor, todas las actuaciones practicadas en este juicio, con imposición de las costas á los ejecutantes señores Pízá Hermanos. Así lo pronunciamos, mandamos y firmamos.''

*Resultando* que contra esta sentencia interpuso la representación de la Sociedad ejecutante recurso de casación por infracción de ley, que le fué admitido, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las parte, y personada la apelante, se dió al recurso la tramitación correspondiente, con arreglo á la Ley de la Asamblea Legislativa de esta Isla de 12 de Marzo de 1903, que convirtó esta Corte Suprema, en Tribunal de Apelación, y se señaló día para la vista, á cuyo acto sólo concurrió el abogado defensor de la parte apelante.

Abogado del apelante: *Sr. Alvarez Nava.*

La parte apelada no compareció.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada, y los de derecho, á excepción del último.

*Considerando* que aún en el supuesto de que fuera potestativo en los ejecutantes la elección de uno ú otro procedimiento para hacer efectivo el crédito hipotecario de que se trata, habiendose presentado la demanda en 24 de Setiembre de 1900

cuando todavía estaban vigentes las Órdenes Generales de 19 y 31 de Enero de 1899 y 19 de Enero y 28 de Abril de 1900, por las que se declaró en suspenso por el término de un año, y se prorrogó después por otro más, que vencía en 19 de Enero de 1901, la ejecución de las hipotecas sobre fincas agrícolas de todo género, á cuya naturaleza es de presumirse que corresponden los dos predios rústicos hipotecados y sobre los que se despachó la ejecución, puesto que no consta que estuvieran dedicados á ninguna otra industria que no fuera la agrícola, es evidente que en la fecha en que fué presentada la demanda, no era exigible la deuda hipotecaria y por consiguiente que el juicio seguido para hacerla efctiva es nulo desde su principio, con arreglo al artículo 1465 de la Ley de Enjuiciamiento Civil, según el que puede exigirse la nulidad de la ejecución, entre otros casos, cuando el título no tuviere fuerza ejecutiva, ya por defectos extrínsecos, ya por no haber vencido el plazo, ó no ser exigible la cantidad, ó ésta, ilíquida.

*Considerando* que no habiéndose estipulado el pago de intereses en la escritura hipotecaria que sirve de base al presente juicio ejecutivo, y no habiéndose fundado la ejecución, por consiguiente, en la falta de pago de los mismos, no tienen aplicación al caso las prescripciones de las Órdenes Generales de 19 y 31 de Enero de 1899, que declaran exceptuados del beneficio por ellas concedido en favor de los agricultores de la isla, á los deudores que no pagaren desde luego y en lo sucesivo el interés convenido, siempre que no excediere del doce por ciento anual, y que todo proceso que se emprendiera de acuerdo con las citadas órdenes, y con el fín de ejecutar una hipoteca por falta de pago de los intereses, sería efectuado bajo la antígua ley que regía antes de la Ley Hipotecaria, ó sea por el procedimiento de la Ley de Enjuiciamiento Civil, por estimarlo más beneficioso para los deudores.

*Considerando* que con arreglo á la Sección 63 de la Órden General No. 118 de 19 de Agosto de 1899, las costas deben imponerse al litigante cuyas pretensiones hayan sido totalmente desestimadas.

*Vistas* las disposiciones legales que se citan en la sentencia apelada y en la presente, y las demás de aplicación general.

*Fallamos* que debemos confirmar y confirmamos la expresada sentencia, con las costas á los apelantes.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.